FILED
February 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002406311

5

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for MICHAEL HACKARD,
Interested Party

JULIA P. GIBBS, (CSBN 102072)
LAW OFFICES OF JULIA P. GIBBS
1329 Howe Avenue, Suite 205
Sacramento, CA 95825
Telephone: (916) 646-2800
Facsimile: (916) 929-1158
judy@gibbslegal.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**HACKARD AND HOLT,**<br><br>Debtor. | Case No. 09-37310-C-7<br><br>DC No. MLG-1<br><br>Chapter 7<br><br>Date: March 9, 2009<br>Time: 9:30 a.m.<br>Judge: Hon. Christopher M. Klein<br>Place: Dept. C, Courtroom 35<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

## MOTION FOR ORDER COMPELLING TRUSTEE TO ABANDON ASSETS

Michael A. Hackard ("Hackard"), an interested party and the attorney ultimately responsible for Hackard and Holt's ("Debtor's") client trust funds and Debtor hereby seek an order pursuant to Section 554(b) of the Bankruptcy Code[1] compelling the Trustee to abandon: 1.

---

[1] All references herein to the "Bankruptcy Code" are references to Title 11 of the United States Code §§ 101-1532 (2005); all references to a "Section" or "Sections" are to a particular section or sections thereof.

Debtor's Client Trust Account (the "Trust Account") so that the funds therein may be paid to the individuals and entities who are entitled to them; and 2. Nineteen clients whose representation no longer has any value to the estate. In support of the motion to abandon (the "Motion"), Hackard and Debtor respectfully represent as follows:

## I.

## INTRODUCTION

On August 16, 2009 Hackard and Holt filed a Chapter 7 Petition. Susan Smith was appointed on August 17, 2009 as the Chapter 7 Trustee ("Trustee").

As a law firm, Debtor maintained a trust account for amounts owed/payable to clients, payable to other attorneys pursuant to fee splitting arrangements, and to consultants and experts.

While these funds were held by Debtor, and the account is now held by the Trustee, Debtor and the bankruptcy estate have only bare legal title to them – others are entitled to the funds. Furthermore, Hackard, as a general partner of Debtor has an obligation to see to the disbursal of the funds. Michael A. Hackard, a Professional Law Corporation (the "PLC") was also a partner in Debtor. Hackard is the principal of the PLC. Accordingly, Hackard & Debtor (collectively "Moving Parties") seek an order compellingTrustee to abandon Union Bank account No. 1210183708 (detailed in **Exhibit A**, and redacted to protect client identities) so that they can be disbursed to those entitled to them.

Moving Parties also seek an order compelling the Trustee to abandon nineteen clients (detailed at Exhibit B) because those clients, their cases and files have no value to the estate. It is not possible for Debtor to continue to represent these clients or to realize any value on a referral.

## II.

## JURISDICTION

Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. § 554(a); and the reference to this Court by the United States District Court for the Eastern District of California.

/ / /

## III.

## BACKGROUND

Debtor was a law firm which specialized in mass tort litigation on behalf of plaintiffs. Its practice involved nationwide litigation, and involved a great many clients. Debtor's members included Theodore Holt, Michael Hackard, and later the PLC. Mr. Holt became incapacitated and Hackard took over management of the firm.

On August 16, 2009 Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Susan Smith was appointed the Trustee on August 17, 2009, and has since duly qualified as the permanent Trustee.

Debtor maintained the Trust Account with Union Bank. Funds deposited into this account were client funds, client funds with purported liens[2] attached to them, and fees payable to other firms pursuant to fee sharing agreements with clients. No funds belonging to Debtor remained into this account. These Trust Account funds have remained in that account since the beginning of this bankruptcy. Declaration of Michael A. Hackard_ ("Hackard Decl."). The Trustee has indicated that she believes that the funds are not property of the estate, and has also indicated a willingness to abandon them so that they may be distributed to those who are entitled to them.

Furthermore, there are nineteen clients who Debtor and Hackard believe have no value to the estate. For reasons that cannot be fully explained due to attorney-client privilege issues, Debtor cannot realize any value from the continued representation or referral of these clients.

## IV.

## RELIEF REQUESTED

Moving Parties respectfully request that this Court order Trustee to abandon the Trust Account detailed, with redactions, in **Exhibit A** to the Hackard Declaration, and that Hackard be authorized to disburse them as appropriate, and to pay the costs of disbursement from the abandoned funds. Further, Moving Parties request that the Trustee be compelled to abandon any interest in the nineteen clients listed in Exhibit B to the Hackard Declaration.

---

[2] These liens purportedly attach to funds that, as discussed, are <u>not</u> property of the estate.

## V.

## BASIS FOR RELIEF REQUESTED

Section 554(b) provides that, "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The assets at issue must constitute property of the estate. See Sections 541 & 554; *See also,* Estate of McGahren v. Heck (In re Weiss), 111 F.3d 1159, 1167 (4th Cir. 1997); In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987); In re Delash, 260 B.R. 4, 13 (Bankr. E.D. Cal. 2000). In addition, the property to be abandoned must burden the estate or have inconsequential value and benefit to the estate. *See,* Ybarra v. Boeing N. Am., Inc. (In re Ybarra), 295 B.R. 609, 618 (9th Cir. BAP 2003); *See also,* Delash, 260 B.R. at 12.

The Trust Account is of inconsequential value and benefit to the estate. The estate has no beneficial interest in the funds within the Trust Account, and is only holding them in trust for others. Hackard Decl. ¶6. Accordingly, abandoning the account so that the funds can be distributed to the rightful owners is appropriate. Once abandoned by the Trustee, Hackard can distribute the funds to the rightful owners, and investigate, negotiate, and resolve purported liens on the funds.

The nineteen clients that Hackard and Debtor request be abandoned by the Trustee have no value to the estate. While the attorney-client privilege limits what can be stated, it is not possible for Debtor to continue to represent these clients or to realize any value on a referral. Accordingly, they have no value to the estate, and abandonment is appropriate. Debtor will "disengage" these clients upon abandonment.

/ / /

/ / /

# VI.
# CONCLUSION

Based on the foregoing, Hackard respectfully requests that Union Bank account No. 1210183708, and the nineteen clients listed in Exhibit B of the Hackard Declaration be abandoned by the Trustee.

Dated: February 9, 2010　　　McNUTT LAW GROUP LLP

By: _/s/ Douglas C. Graham_
　　　Douglas C. Graham
Attorneys for MICHAEL HACKARD,
Interested Party

Dated: February 9, 2010　　　LAW OFFICES OF JULIA P. GIBBS

By: _/s/ Julia P. Gibbs_
　　　Julia P. Gibbs
Attorney for Debtor