FILED
October 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003038491

ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Susan K. Smith,
Chapter 7 trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>HACKARD & HOLT,<br><br>Debtor. | Case No. 09-37310-C-7<br>Docket Control No. MHK-13<br><br>DATE: November 30, 2010<br>TIME: 9:30 a.m.<br>DEPT: C (Courtroom 35)<br>Hon. Christopher M. Klein |

**NOTICE OF HEARING ON TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE**
<u>**[WITH COPY OF SETTLEMENT AGREEMENT]**</u>

**PLEASE TAKE NOTICE** that Susan K. Smith (the "Trustee"), as trustee of the above-captioned chapter 7 estate, has filed a Motion for Approval of Compromise (the "Motion") with the court.

<u>Your rights may be affected.</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Before its chapter 7 filing, the above-captioned debtor operated a law firm that on a contingency-fee basis represented certain clients as plaintiffs in mass tort litigation. Before the chapter 7 filing, Dexter and the Debtor entered an agreement under which they would act as co-counsel in regard to four designated diet-drug claims.

By the Motion, the Trustee requests that the court enter an order approving a written settlement agreement between, on the one hand, the Trustee and secured creditor LawFinance Group, Inc., as agent for LFG National Capital, L.L.C. ("LFG"), and, on the other, Dexter & Dexter and E.L. Anderson & Associates, P.A. (collectively, "Dexter"). The settlement agreement resolves a dispute regarding the bankruptcy estate's entitlement to a share of attorneys' fees earned in connection with the four claims. The settlement agreement provides generally that Dexter shall be paid $148,431.01 of the disputed fees and the Trustee shall be paid $124,902.31 of the Disputed Fees. The agreement also provides that to the extent interest has accrued on the Disputed Fees, 55% of such interest shall be paid to Dexter, and 45% to the

estate. In addition, LFG and the Trustee, on the one hand, grant a general release of claims to Dexter, on the other hand; and Dexter also grants a general release of claims to LFG and the Trustee. An unsigned copy of the agreement is attached hereto as Exhibit 1. The Trustee seeks approval of the agreement under Federal Rule of Bankruptcy Procedure 9019(a).

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, then:

a. On or before November 16, 2010, you or your attorney (hereinafter "you") must file with the United States Bankruptcy Court, at 501 "I" Street, Suite 3-200, Sacramento, California 95814, a written response to the Motion, explaining your position, along with any written evidence. If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

b. On or before November 16, 2010, you must mail a copy of the written response and any supporting evidence by first-class mail to:

(1) Meegan, Hanschu & Kassenbrock, 11341 Gold Express Drive, Suite 110, Gold River, California 95670;

(2) Office of the U.S. Trustee, 501 "I" Street, Suite 7-500, Sacramento, California 95814;

(3) Other parties may be entitled to service based on a request for such filed with the court.

c. You must attend the hearing scheduled to be held on November 30, 2010 at 9:30 a.m. in Department "C," United States Bankruptcy Court, 501 "I" Street, Courtroom 35 (Sixth Floor), Sacramento, California 95814. The court permits telephone appearances, and in order to appear by phone you must contact Court Conference at (866) 582-6878, and you should do so not later than twenty-four hours before the hearing. Court Conference charges a fee for telephone appearances.

If you do not take these steps, the court may decide that you do not oppose the relief requested. Specifically, failure to file timely opposition may be deemed a waiver of any opposition to the granting of the Motion or may result in the imposition of sanctions. The court may also strike written opposition that is untimely.

Not all information regarding the Motion or the above-captioned bankruptcy case is set forth in this notice, and interested parties are advised to review the court's file at 501 "I" Street, Suite 3-200, Sacramento, California 95814. Further information is also available at the court's website, www.caeb.uscourts.gov. Copies of the Motion, supporting declaration, and points and authorities, if any, may be obtained by contacting the undersigned.

Dated: 10.29.10    MEEGAN, HANSCHU & KASSENBROCK


By: _____
Anthony Asebedo
Attorneys for the Trustee

aa:\MHK-13 compromise Dexter noh

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of October __, 2010 by and among Susan K. Smith, trustee of the bankruptcy estate of Hackard & Holt, Dexter & Dexter/E.L. Anderson & Associates P.A. ("Dexter"), and LFG National Capital, LLC ("LFG") (hereinafter collectively, the "Parties"), and is executed in connection with the following recitation of facts:

## RECITALS

WHEREAS, Hackard and Holt, a general partnership ("H&H") filed a voluntary petition for chapter 7 bankruptcy relief on August 16, 2009, in the United States Bankruptcy Court, Eastern District of California (the "Bankruptcy Court").

WHEREAS, Susan K. Smith ("Trustee") is the appointed chapter 7 trustee of the bankruptcy estate of H&H (the "Estate").

WHEREAS, Dexter referred four clients (collectively, the "Clients") for civil claims arising from injuries related to use of diet drugs known as Fen-Phen, which were manufactured by Wyeth Pharmaceuticals or its predecessor ("Wyeth"). The Clients each executed a representation agreement with H&H, which provided for fee-sharing between H&H and Dexter.

WHEREAS, LFG is by assignment by LawFinance Group, Inc. a secured creditor of the H&H estate, and claims a security interest in receivables of H&H.

WHEREAS, Dexter and H&H executed a letter agreement dated October 3, 2007, memorializing the co-counsel agreement between Dexter and H&H.

WHEREAS, the Bankruptcy Court approved on October 8, 2009 an order authorizing the Trustee to enter into an agreement with Napoli Bern Ripka & Associates to complete the representation of numerous cases, including the Clients.

WHEREAS, The United States District Court for the Northern District of Texas appointed the Hon. Richard L. Gilbert, Ret. ("Gilbert"), to distribute settlement proceeds generated by the resolution the Fen-Phen claims for which H&H remains attorney of record. In connection with the Clients' cases, Gilbert is holding the approximate sum of $273,333.32 ("Fees").

WHEREAS, Gilbert proposed a distribution of the attorney fees to be split in connection with the Clients. The Parties disputed the proposed distribution.

WHEREAS, the Parties have negotiated a resolution of the distribution of the fees to be split for the Clients cases as follows:

NOW THEREFORE, in consideration of the premises, the mutual agreements herein set forth and such other consideration the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **The Fee Split**. The Parties agree that the Fees held by Gilbert shall be distributed as follows: $124,902.31 to be paid to the Estate; $148,431.01 to be paid to Dexter. Any and all interest accrued on the Fees, to the extent available to the Parties, shall be distributed pro rata 45% to the Estate and 55% to Dexter.

2. **Release by Dexter.** Upon execution of this Agreement, Dexter does hereby release, discharge, and acquit the Estate and LFG, and their successors, attorneys and assigns from any and all debts, claims, demands, liabilities, obligations, cause or causes of action, known or unknown, against it, which the party now owns or holds, or has at any time heretofore owned or held, by reason of any action, matter, cause, or thing whatsoever done prior to the date of this Settlement Agreement, except the obligations of Parties pursuant to this Settlement Agreement, but including, specifically, but not exclusively and without limitation, any and all claims, demands, rights, and causes of actions whatsoever arising out of or that could be alleged to arise out of the facts and circumstances surrounding the Fees.

3. **Release by H&H and LFG.** Upon execution of this Agreement, the Estate and LFG do hereby release, discharge, and acquit Dexter, and its successors, attorneys and assigns from any and all debts, claims, demands, liabilities, obligations, cause or causes of action, known or unknown, against it, which the party now owns or holds, or has at any time heretofore owned or held, by reason of any action, matter, cause, or thing whatsoever done prior to the date of this Settlement Agreement, except the obligations of the Parties pursuant to this Settlement Agreement, but including, specifically, but not exclusively and without limitation, any and all claims, demands, rights, and causes of actions whatsoever arising out of or that could be alleged to arise out of the facts and circumstances surrounding the Fees.

4. **Unknown Claims.** It is the intention of the Parties in executing this instrument that the same shall be effective as a bar to each and every claim, demand, and cause of action hereinabove specified, and in furtherance of this intention the party waives and relinquishes all rights and benefits under Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5. **Acknowledgement.** The Parties acknowledge that they may hereafter discover facts different from or in addition to those now known or believed to be true with respect to such claims, demands, or causes of action and agree that this instrument shall be and remain effective in all respects notwithstanding any such differences or additional facts.

6. **Representation and Warranties**. Each of the parties to this Agreement represents, warrants and agrees as follows:

a. Each party has received independent advice from his attorney and/or financial advisor with respect to the advisability of making the settlement provided for herein;

b. Each party or agent therefore has read this Agreement and understands the contents thereof;

c. Each of the individuals executing this Agreement on behalf of their respective parties possesses the power and authority to do so and thereby binds his or her respective parties;

d. This Agreement is binding upon and shall inure to the benefit of each of the parties hereto, and their respective parents, subsidiaries, affiliates, joint venturers, predecessors, successors, divisions, shareholders, directors, officers, employees, attorneys, agents, representatives, heirs and assigns;

e. This Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral or written agreements and discussions. This Agreement may be amended only by an agreement in writing, signed by all the parties.

f. This Agreement and all terms provided for herein, are made, executed, given, and accepted as part of a compromise and settlement of disputed claims. No provision of this Agreement, or any acceptance of the benefits thereof, by or on behalf of any of the parties hereto, shall be construed or deemed to be evidence of any admission of facts, matter, thing, or liability of any kind to any other party. Each of the parties hereto denies any liability of any kind to any other party for any purpose and this settlement is made solely and entirely as a compromise. Neither this Agreement nor any of the terms hereof shall be offered or received as evidence in any proceeding as an admission of liability or wrongdoing by any of the parties hereto.

7. **Bankruptcy Court Approval**. This Agreement is subject to the entry of an order in the Bankruptcy Case approving this Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. In the event that the Bankruptcy Court fails to approve this Agreement, this Agreement shall not be binding on the parties and the parties do not release or waive any claims, rights or causes of action they may otherwise possess. The Trustee agrees to promptly seek the Bankruptcy Court's approval of this Agreement.

8. **Gilbert to Distribute Proceeds**. Gilbert, as special master, is holding the Fees, and the Parties agree that he shall distribute the Fees as provided herein subject to and upon approval of the Bankruptcy Court.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

**SO AGREED:**

Susan K. Smith, Trustee

Dated: October ___, 2010

By:_____
Susan K. Smith, Trustee of
the Hackard & Holt Estate

Dexter & Dexter

Dated: October ___, 2010

By: _____

Its _____

E. L. Anderson & Associates, P.A.

Dated: October ___, 2010

By: _____

Its _____

LFG National Capital, LLC

Dated: October ___, 2010

By: _____

_____ of
LawFinance Group, Inc., as
agent for LFG National
Capital, LLC.

PAGE __3__ (EXH. __1__)