

FILED

MAY 29 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 09-37310-C-7 |
| | Docket Control NO. HLF-7 |
| HACKARD AND HOLT, | |
| Debtor | **NOT FOR PUBLICATION** |

**MEMORANDUM OPINION AND DECISION**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Peter Holt (or "Holt") seeks relief from the automatic stay provisions of 11 U.S.C. § 362(a) in regard to a $100,000.00 undertaking posted pre-petition by Michael Hackard and deposited in 2008 with the Sacramento County Superior Court ("Superior Court") in connection with certain state-court litigation. Holt asserts that the $100,000.00 undertaking was improperly released to and is being retained by the Chapter 7 Trustee, Susan K. Smith ("Trustee"), for the Hackard and Holt bankruptcy estate.

In September 2008, Michael A. Hackard initiated partnership litigation in the Superior Court against the Debtor's business, Hackard and Holt ("Debtor"), and Theodore Holt, one of the partners. The Superior Court litigation sought an accounting for the Debtor partnership, damages for Theodore Holt's alleged breach of his fiduciary duties as managing partner of the Debtor, injunctive relief regarding the management of Debtor, and other relief. ¶ 5, Declaration of Anthony Asebedo, Dckt. No. 464. Hackard obtained an order enjoining Holt from managing Debtor's business operations.

The order enjoining Holt required the posting of a bond--or

undertaking--in the amount of $100,000.00 (the "Undertaking"). In October 2008, Hackard delivered a check in the amount of $100,000.00 to the clerk of the state court to meet that requirement.

Holt asserts that he is a creditor and party in interest in this bankruptcy case as the administrator of the Theodore Holt Estate. Holt alleges that Trustee has no legal right to the undertaking, and that the bankruptcy estate has no equity in the undertaking.

Trustee refutes the basis for Holt's Motion, arguing that the Motion is wholly without merit, and that several court proceedings have already determined that the rights to the Undertaking belong to the Trustee (acting on behalf of the bankruptcy estate). Trustee alleges that even after the state court ordered that the Undertaking be released to the bankruptcy estate (Exhibits B and C, Orders on Motion to Release the Undertaking, Dckt. No. 466), and after the bankruptcy court approved the settlement, in which Hackard agreed to assign his rights to the $100K to the Trustee, (Exhibit A, Order Granting Trustee's Motion for Approval of Compromise, Dckt. No. 466), Holt continues in his efforts to dispossess the Trustee of the Undertaking. Trustee also noted that she had already received the Undertaking in December, 2012.

The Trustee and Holt have been locked in years of combat, having gone through multiple rounds of litigation and orders seemingly entered favor of the bankruptcy estate's right to the Undertaking, in order to determine who is entitled to the

1　Undertaking.

2　　The latest legal action relating to the Undertaking consists
3　of an *ex parte* "Motion for Order Compelling Return of Undertaking
4　to Sacramento Superior Court" filed by Holt and the Holt Estate,
5　with the California Court of Appeal on February 20, 2014. The
6　Court of Appeal would not rule on the motion with a showing that
7　the Holt Estate had obtained relief from the automatic stay.

8　　At the hearing on May 13, 2014, the court stated that it
9　would grant the Motion to modify the stay to allow Holt and the
10　Holt estate to continue in their appeal and the final
11　determination of the competing rights and interest in the
12　$100,000.00 undertaking, but made explicit that the stay would
13　not terminate to allow Holt to file new motions and *ex parte*
14　applications. The court articulated the need to carefully
15　circumscribe the scope of the modified stay, so that Holt and the
16　Holt Estate would not interpret the ruling as granting liberal
17　license for Holt to file more pleadings to obtain the
18　Undertaking, after the Court of Appeal has already made its
19　decision.

20　　This Memorandum Opinion and Decision, and the further
21　Findings of Fact and Conclusions of Law stated orally on the
22　record, are made pursuant to Federal Rule of Civil Procedure 52 and
23　Federal Rules of Bankruptcy Procedure 7052, 9014.

24　　The court shall issue an order consistent with this Ruling.
25　Dated: May 29, 2014

_____
Honorable Ronald H. Sargis
UNITED STATES BANKRUPTCY JUDGE

Case 09-37310   Filed 05/29/14   Doc 497

**INSTRUCTIONS TO CLERK OF COURT**

**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Peter T. Holt, Administrator
Theodore Holt Estate
Holt Law Firm
901 Sunrise Avenue, Suite A-16
Roseville, CA 95661

Anthony Asebedo, Esq.
Meegan, Hanschu & Kassenbrock
11341 Gold Express Drive, Suite 110
Gold River, CA 95670

Susan K. Smith, Trustee
2701 Del Paso Road, Suite 130-PMB 399
Sacramento, CA 95835