

**FILED**

OCT - 3 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 09-37310-C-7 |
| | ) Docket Control No. MHK-34 |
| HACKARD & HOLT, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**
**Denying Without Prejudice Motion for Sanctions**

In the continuing battle between Peter Holt, in his capacity as Administrator of the Theodore J. Holt Probate Estate ("Holt Probate Estate") and Susan Smith the Chapter 7 Trustee ("Trustee") concerning a $100,000.00 undertaking deposited with the California Superior Court ("State Court"), the court has been presented with a Counter Motion for Sanctions for alleged violations of the Automatic Stay arising under 11 U.S.C. § 362(a) by Peter Holt, Administrator. The Counter Motion has been filed in response to a Motion for Relief From the Automatic Stay filed by Peter Holt, Administrator. In ruling on the Motion for Relief, the court made extensive filings on the record and in a Supplemental Memorandum Opinion and Decision (Dckt. 497). In reviewing the evidence

provided in connection with the Motion for Relief and the instant Motion for Sanctions, the court concluded that Peter Holt, Administrator, has engaged in questionable "litigation practices" in the California Superior Court "State Court" as he has tried to battle with the Trustee over the right to a $100,000.00 Undertaking which the State Court ordered released to the Trustee.

## MOTION FOR SANCTIONS

The Trustee states with particularity the following grounds in the Counter Motion (Fed. R. Bank. P. 9013) for the award of attorneys' fees against Holt:

A.  On August 16, 2009, the law firm partnership Holt & Hackard ("Debtor") commenced a voluntary Chapter 7 case.

B.  Peter Holt is a licensed attorney, who is the administrator of the Holt Probate Estate (the late Theodore Holt was a partner in the Holt & Hackard partnership, which is the bankruptcy debtor for which Susan Smith was appointed Trustee).

C.  By order dated September 9, 2010 (Dckt. 341), the bankruptcy court approved a stipulation between the Trustee and Michael Hackard ("Hackard"), the other named partner of Holt & Hackard.  It is asserted that the settlement provides for the assigned of Hackard's right to a $100,000.00 undertaking that had been posted in a state court proceeding involving the Debtor partnership.

D.  The State Court Action was brought for an accounting for injunctive relief, asserting that Theodore Holt breached his fiduciary duties as the pre-bankruptcy managing partner of Debtor.  For the injunctive relief a $100,000.00 undertaking was deposited with the State Court.  The State Court Minute Order states that the $100,000.00 was funded by Law Finance Group, a secured creditor of the Hackard & Holt Partnership.  Exhibit C, Dckt. 466.

E.  By orders of the stated court on November 16, 2012, and December 10, 2013, the Sacramento Superior Court determined that the Trustee was entitled to the $100,000.00 undertaking.  Exhibits B and C, Dckt. 466.

F.  In December 2012 the Trustee received the $100,000.00 undertaking from the Clerk of the Superior Court.

2

G.   Beginning on or about October 23, 2013, the Trustee and Trustee's counsel advised Peter Holt, Administrator, of the automatic stay and attempts to cause the "Trustee's dispossession of the Undertaking" in the state court would violate the automatic stay.

H.   With knowledge of the bankruptcy case and the existence of the automatic stay (11 U.S.C. § 362(a)), Peter Holt, Administrator, made the following attempts to dispossess the Trustee of the $100,000.00:

   1.   September 12, 2012, one week after the bankruptcy court approved the Trustee-Hackard Settlement, Peter Holt, Administrator, filed two motions in the State Court Proceeding,

      a.   One requested that the partnership dissolution proceeding be dismissed;

      b.   The second requested that the $100,000.00 undertaking be released to the Holt Probate Estate.

I.   The State Court, upon the agreement of Hackard and the Peter Holt, Administrator, dismissed the partnership dissolution.  However, the State Court ordered that the $100,000.00 undertaking be disbursed to the Trustee.

J.   After the order to disburse the $100,000.00 undertaking to the Trustee, the Peter Holt, Administrator, filed the following Motions:

   1.   On November 8, 2012, Peter Holt, Administrator, filed a motion for reconsideration of the order for the $100,000.00 to be disbursed to the Trustee. The motion and supporting pleadings were not served on the Trustee (Peter Holt, Administrator, proceeding *ex parte*, without notice in the State Court Proceeding).

      a.   The State Court denied the Motion, ordering on February 11, 2013, that Peter Holt, Administrator, to proceed under California Code of Civil Procedure § 996.440(a) for release of the bond after entry of final judgment.  Peter Holt, Administrator, did not serve a copy of this order on the Trustee.

K.   On August 5, 2013, Hackard filed a motion in the Superior Court Proceeding for an order releasing the undertaking to the Trustee.  The hearing was conducted on Hackard's motion and the State Court issued on December 10, 2013, its Order for the $100,000.00 Undertaking to be turned over to the Trustee.  Exhibit C, Dckt. 466

3

L.   On August 12, 2013, Peter Holt, Administrator, sent an email demanding that the Trustee disburse the $100,000.00 to Peter Holt, Administrator.

M.   On August 20, 2014, Peter Holt, Administrator, presented an *ex parte* motion, of which the Trustee was provided notice, for a state court order requiring the Trustee to turn over the $100,000.00 Undertaking.  The State Court denied the *ex parte* motion without oral argument.

N.   On one day's notice, on October 22, 2013, Peter Holt, Administrator, filed an *ex parte* motion for a stay of the Order that the $100,000.00 undertaking be turned over to the Trustee.  The Trustee was not ordered to turn over the $100,000.00.  Declaration ¶ 17, Dckt. 464.

O.   On November 21, 2013, Peter Holt, Administrator, filed another motion in the State Court for an order that the Trustee turn over the $100,000.00.   The State Court denied the November 21, 2013 motion without hearing.

P.   Counsel for the Trustee expressly notified Peter Holt, Administrator, of the effect of the automatic stay and that the Trustee asserted that the provisions of 11 U.S.C. § 362(a) prohibited Peter Holt, Administrator, from proceeding in state court to dispossess the Trustee of the $100,000.00 without first obtaining relief from the automatic stay.

Q.   On January 9, 2014, Peter Holt, Administrator, filed a notice of appeal of the State Court's December 1, 2013 Order.

R.   In March 2013, Peter Holt, Administrator, filed a motion with the California District Court of Appeal for an order that the Trustee "return" the $100,000.00 in her possession.

S.   In responding to the motions filed by Peter Holt, Administrator, for orders requiring the Trustee to turn over the $100,000.00 undertaking, counsel for the Trustee states that the Bankruptcy Estate has incurred $8,490.00 in legal fees and $18.00 in costs.

The Trustee asserts that the Peter Holt, Administrator's, conduct in the State Court to obtain a state court order dispossessing the Trustee of the $100,000.00 undertaking violates the automatic stay.  Further, that such violation is one for which sanctions may be recovered by the Trustee.  The asserted damages are in the amount of the $8,508.00 in attorneys' fees and costs

4

relating to protecting the estate's right to possession of the $100,000.00.

**Peter Holt, Administrator, Opposition.**

In response, Peter Holt, Administrator, asserts that this counter motion "arises from the extraordinary conduct of bankruptcy trustee Susan Smith ('Smith'). Smith knew she had no legal entitlement to the $100,000 on deposit with the Sacramento Superior Court (the "Superior Court"). The State Court, in the only final order to date, held that Smith has no legal entitlement. Nevertheless, Smith sought, obtained through artifice, and kept the undertaking." Opposition, pg. 1:22-24, 2:1-2; Dckt. 475.

Peter Holt, Administrator, explains the State Court Proceedings as follows:

A. On October 31, 2012, the Superior Court heard a motion brought by Peter Holt, Administrator, to release the $100,000.00 undertaking.

    1. The court denied the motion as premature, but also ordered that the $100,000.00 undertaking be released to the Trustee.

B. On November 8, 2012, Peter Holt, Administrator, filed a motion for reconsideration of the order releasing the undertaking to the Trustee. As shown by counsel for the Trustee's time records (Exhibit 5 at Bates No. 40A, Dckt. 460), the Trustee had knowledge of this Motion.

    1. On December 5, 2012, the Trustee's counsel reviewed a draft opposition to the Motion for Reconsideration. (Exhibit 5 at Bates No. 39, Dckt. 460).

    2. On November 27, 2012, and December 8, 2012, the Trustee "participated in letters sent to the Superior Court clerk." (Exhibits 6 and 8, Bates Nos. 44-46, Dckt. 460.) It is asserted that the letters mischaracterize the State Court's order as "specifically granting release of the undertaking" to the Trustee.

    3. The Trustee also "admits" to multiple telephonic contacts with Superior Court's personnel.

5

(Exhibit 8, Bates No. 46, Dckt. 460, Trustee's counsel time entry for December 7, 2012). This time entry references involvement in a letter to the Superior Court Clerk, while multiple entries just prior to November 28, 2012 "suggest similar involvement" in the first letter. (Exhibit 5 at Bates No. 40A, Dckt. 460).

4.    On December 10, 2012, the Trustee received the undertaking. (Trustee declaration at ¶ 5).

5.    On December 14, 2012, Trustee's counsel reviewed Peter J. Holt, Administrator's reply brief in support of the motion for reconsideration.

6.    On January 10, 2013, the State Court issued a tentative ruling on the Motion for Reconsideration holding that the Trustee did not have any right to the undertaking.  Trustee and Trustee's counsel reviewed this tentative ruling on January 10, 2013. (Exhibit 5 at Bates No. 38, Dckt. 460).

7.    On January 11, 2014, the State Court affirmed its tentative ruling, holding that the Trustee had no right to the undertaking.  (Exhibit 9, Bates Nos. 47-50, Dckt. 460).

Peter Holt, Administrator, contends that the $100,000.00 is subject to a constructive trust and not property of the bankruptcy estate.  (Cal. Civ. Code §§ 2223, 2224).

Peter Holt, Administrator, directs the court's attention to the provisions of 11 U.S.C. § 362(k) providing relief for an individual, and cites the Ninth Circuit Court of Appeals ruling in *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995) and *Rogers v. Nations Credit Fin'l Services Corp.*, 233 B.R. 98, fn. 5 (N.D. CA 1999), holding that the bankruptcy trustee is not an "individual" who may seek recovery under 11 U.S.C. § 362(k).

It is further contended that while the Counter Motion states that relief is requested under 11 U.S.C. § 105(a), it actually is relief under 11 U.S.C. § 362(k).

Peter Holt, Administrator, asserts that the Trustee has failed

to provide evidence in support of the alleged violation of the automatic stay. It is asserted that Peter Holt, Administrator, has not taken any action to obtain possession of or exercise control over any property of the estate, but merely "attempted to have the undertaking returned to the Sacramento Superior Court, where it should be."

Peter Holt, Administrator, asserts that the counter motion is procedurally improper as it is not "related to the general subject matter of the motion." Citing Local Bankruptcy Rule 9014-1(i).

Peter Holt, Administrator, contends that though he was trying to obtain an order of the State Court requiring the Trustee to turn over the $100,000.00 Undertaking, which the Trustee asserts is property of the estate, Peter Holt, Administrator, personally was not attempting to "obtain possession of" or "exercise control over" property of the bankruptcy estate. [It appears that while Peter Holt, Administrator, admits that he was trying to obtain orders from the State Court over the $100,000.00, since the court was issuing the order "it's the court's fault." This "blame it on the state court" defense has been roundly rejected by all federal courts.]

Peter Holt, Administrator, further contends that the Counter Motion (1) fails to establish that the $100,000.00 Undertaking is property of the Estate, (2) that the attorneys' fees are damages, (3) the Trustee has not substituted into the State Court Action, (4) the requested fees are unreasonable, and (5) the Trustee had not "advised" Peter Holt, Administrator, of the Stay and its application in connection with the State Court Action.

///

7

**DISCUSSION OF CASE**

There are several points which are clear to the court.  First, Peter Holt, Administrator, appears to be more focused on procedural skirmishes rather than substantive legal proceedings to determine the rights and interests of the parties.  Second, the Trustee has entered into the State Court proceedings asserting that the bankruptcy estate has the right to the $100,000.00 in insurance proceeds.

On September 15, 2012, now more than two years ago, the bankruptcy court issued the order approving the compromise between the Trustee (who controls all rights, interests, and assets of the Hackard & Holt partnership bankruptcy estate); Michael Hackard ("Hackard"), who posted the $100,000.00 undertaking; Hackard Law Corporation, LFG National Capital LLC ("LFGN"); and the Law Office of James Sokolove ("Sokolove").  Dckt. 341.  The terms of the Settlement (the Settlement Agreement is attached as an exhibit to the Order), include,

A.    Whatever interest Hackard could assert or own in the $100,000.00 Undertaking posted with the State Court were assigned to the Trustee for the Hackard & Holt Bankruptcy Estate.

B.    The Trustee was authorized to undertake whatever steps and actions were necessary and appropriate to obtain the release of the accounting. [This in essence states that the Trustee was going to assert the rights assigned by Hackard and any other rights of the Estate to the $100,000.00 Undertaking being held by the State Court.]

On April 11, 2014, Peter Holt, Administrator, filed a motion for relief from the automatic stay.  The motion merely stated that relief was requested for the court "lifting the stay in regard to this [$100,000.00 Undertaking] which was deposited with the Sacramento Superior Court in 2008." Motion, Dckt. 456.  The Motion

8

for Relief further states that the relief is sought to determine the entitlement to the $100,000.00 undertaking.  While not stated in the Motion for Relief, the totality of these various pleadings filed is to allow Peter Holt, Administrator, to assert rights of the Holt Probate Estate to the $100,000.00 undertaking.  On its face, the Motion for Relief fails to comply with Federal Rule of Bankruptcy Procedure 9013, which requires that the motion itself state with particularity the grounds upon which relief is requested.

In "support" of the Motion for Relief From the Automatic Stay, Peter Holt, Administrator, filed a nineteen page Points and Authorities.  Dckt. 457.  Most of the Points and Authorities argues the underlying assertion that the Trustee and the Bankruptcy Estate do not have a right to the $100,000.00 Undertaking.  The Points and Authorities is short on the legal basis for the limited purpose of the motion – granting relief from the automatic stay to allow the asserted right by Peter Holt, Administrator, to the $100,000.00 Undertaking.

After reviewing the Motion for Relief and Opposition, the court determined that in light of the totality of the circumstances very specific and limited relief should be granted.  The court modified the automatic stay to allow Peter Holt, Administrator, to litigate to final judgment, including any appeals, the respective rights and interests of Peter Holt, Administrator, and the Bankruptcy Estate to the $100,000.00 Undertaking. Order, Dckt. 495. The court's findings of fact and conclusions of law were stated orally on the record and in the written Memorandum Opinion and Decision, Dckt. 497.

9

1  The Order Modifying the Automatic Stay expressly provides that
2  the stay is not modified to authorize Peter Holt, Administrator, or
3  the Holt Probate Estate to assert or litigate any claims against
4  the Trustee, the Bankruptcy Estate, or against or effecting any
5  property of the Bankruptcy Estate.  It has been further ordered
6  that if, after final judgment is obtained and if Peter Holt,
7  Administrator, for the Holt Probate Estate is determined to have
8  any interest in the $100,000.00 Undertaking, the stay has not been
9  modified for any such judgment to be enforced, and that Peter Holt,
10  Administrator (or any successor), for the Holt Probate Estate must
11  first obtain a further modification of the automatic stay.
12  Alternatively, Peter Holt, Administrator, could seek relief as
13  appropriate in this court.

14  Peter Holt, Administrator, is correct, 11 U.S.C. § 362(k)
15  relief is limited to individuals.  Further, in the Ninth Circuit it
16  has been held that a bankruptcy trustee is not an individual
17  entitled to seek relief pursuant to 11 U.S.C. § 362(k).  *See*
18  *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995),
19  addressing these provisions in then 11 U.S.C. § 362(h), prior to
20  the 2005 amendments to the Bankruptcy code which included
21  renumbering of 11 U.S.C. § 362(h) as 11 U.S.C. § 362(k).

22  However, Peter Holt, Administrator, over extends this
23  limitation and ignores the next portion of *Havelock* which states
24  that the bankruptcy court has the authority pursuant to 11 U.S.C.
25  § 105(a) to address violations of the automatic stay. Merely
26  because the alleged aggrieved party is not an individual is another
27  person given free reign to ignore and violate the Congressionally
28  created automatic stay of 11 U.S.C. § 362(a).

10

Peter Holt, Administrator, also misstates the grounds asserted in the Counter Motion - concluding that relief was requested only pursuant to 11 U.S.C. § 362(k). "Although the Counter Motion claims to proceed under 11 U.S.C. § 105, from its text it actually proceeds under 11 U.S.C. § 362. Thus, the above rule disposes of the bulk of Counter Motion." Opposition, pg. 8:3-5; Dckt. 475. Contrary to the above statement by Peter Holt, Administrator, the Counter Motion itself states with particularity (Fed. R. Bankr. 9013),

> **A violation of the automatic stay is civil contempt of court.** *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995). Stay violations may be punished under 11 U.S.C. § 362(k), applicable in individual cases, **or as contempt under 11 U.S.C. § 105.** *Id.* at 192-93; *Mountain Am. Credo Union v. Skinner (In re Skinner)*, 917 F.2d 444 (10th Cir. 1990); In re Costa, 172 B.R. 954, 963-64 (Bankr. E.D. Cal. 1994). An adversary proceeding is not required for a court to determine civil contempt, because Federal Rule of Bankruptcy Procedure 9020 specifically provides for a motion under Rule 9014. *Std. Indus. v. Aguila Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240 (10th Cir. 2010). **An award of damages under § 105 is discretionary.** *Pace*, 67 F.3d at 193.

Counter Motion, Dckt. 462.[1] [Emphasis Added.]

The conduct of Peter Holt, Administrator, raises serious issues. However, most of these issues appear to relate to his

---

[1] As with the Motion for Relief From the Automatic Stay, Peter Holt, Administrator, argues various other substantive issues concerning the underlying dispute. Additionally, he throws in the gratuitous comment, "This highlights that the Counter Motion is itself grounds for sanctions under FRBP 9011 which specifically prohibits pleadings brought for improper purposes such as harassment and delay, and which requires that the claims have legal and evidentiary support." The Federal Rule of Bankruptcy Procedure 9011 door swings both ways, with all parties, whether seeking or defending a motion, having to comply with the representations, obligations, and duties imposed thereunder. Even if no relief pursuant to Rule 9011 is sought, overly aggressive misstatements of the issues, positions of the parties, the law, or facts work to diminish the credibility of counsel and the contentions being asserted for the party in interest.

1  conduct in the State Court, not this court.  While the Trustee
2  argues that his conduct related to trying to obtain possession or
3  control of property of the estate, it related to the order by which
4  the State Court determined to whom the $100,000.00 Undertaking
5  required by the State Court should be disbursed.  Peter Holt,
6  Administrator, was attacking that order (based upon the evidence
7  provided in connection with this Counter Motion).

8      The court denies the Counter Motion without prejudice, to
9  allow the Trustee, if she so chooses, to seek relief by a separate
10  and independent motion.  Though the subject matter of the Counter
11  Motion relates to the same conduct which is the subject of the
12  Motion for Relief filed by Peter Holt, Administrator, it goes
13  sufficiently above and beyond that addressing it on the regular
14  Local Bankruptcy Rule 9014-1(f)(1) procedure would better serve the
15  court and parties.[2]

16      Additionally, the conduct of Peter Holt, Administrator,
17  relates to an $100,000.00 Undertaking which was required and held
18  by the State Court.  To the extent that the conduct of Peter Holt,
19  Administrator, was unreasonable and improper under applicable state
20  law and rules, the State Court can address any such improper

21

22      [2] "Discretion is the better part of valore." Henry the Fourth,
   Part 1 Act 5, Scene 4, William Shakespeare.  The court having
23  observed the slings and arrows of what at the Trustee asserts is
   outrageous State Court litigation, there is little reason to burden
24  the parties with hearing this matter as a counter motion rather than a
   separate motion.  If any such motion is brought, it will be filed as a
25  separate motion and addressed on the merits.  If the decision is
   appealed by either, or both, of the parties, then the appeal will be
26  on the substance of the motion and not over procedural bickering about
   how the motion was presented to the court.  (The irony of Peter Holt,
27  Administrator, complaining of this being brought as a counter motion
   is not lost on the court in light of the *ex parte* and shortened notice
28  motions chronicled by the Trustee as having been filed by Peter Holt,
   Administrator, in the State Court Action.)

12

conduct.

This court has previously determined that the automatic stay should be modified for the limited purpose of adjudicating (but not enforcing) the respective rights and interests of the Bankruptcy Estate and the Holt Probate Estate in the $100,000.00 Undertaking. The state courts (trial and appellate) may now address that issue to final ruling.

However, all property of the Bankruptcy Estate is subject to the exclusive jurisdiction of the federal courts.   28 U.S.C. § 1334(e).   The federal courts have original and exclusive jurisdiction over all cases under Title 11 (bankruptcy cases). 28 U.S.C. § 1134(a).   The federal courts have original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11 or arising in or related to a case under Title 11.   This includes having original jurisdiction to determine what is, or is not, property of the bankruptcy estate.

The court did not require the parties to litigate this issue concerning what is asserted to be property of the Bankruptcy Estate in the bankruptcy court, believing that the special nature of an undertaking required by the State Court mitigated in favor of those rights being determined in the state forum.   The granting of such relief was premised on the good faith prosecution of such dispute by all parties.   This court has not, and does not, abdicate its duties with respect to this asset, and will adjudicate the respective rights if the state courts cannot, or the parties are unwilling to, do so promptly.

///

///

1    The Counter Motion is denied without prejudice.

2  Dated: September 30, 2014

3

4                              RONALD H. SARGIS, Judge
5                              United States Bankruptcy Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

2

3

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

4

5

      **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), and __XX____ Other Persons Specified Below:

6

7

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

8

9

Anthony Asebedo
11341 Gold Express Dr., #110
Gold River, CA 95670

10

11

Peter T. Holt
901 Sunrise Ave., Ste. A-16
Roseville, CA 95661

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28